## THE STATE v. ELLIOTT, Appellant.

**Division Two, May 19, 1903.**

**Appeals: NO BILL OF EXCEPTIONS.** If no bill of exceptions was filed by appellant, and no errors appear in the record proper, the judgment will be affirmed.

Appeal from Buchanan Criminal Court.—*Hon. B. J. Casteel,* Judge.

AFFIRMED.

*W. B. Norris* for appellant.

*Edward C. Crow,* Attorney-General, and *Sam B. Jeffries,* Assistant Attorney-General for the State.

(1) There is nothing before the court save the record proper, no bill of exceptions having been filed. (2) The indictment is in the form usually employed in such cases. It is based upon the provisions of section 1848, Revised Statutes 1899. Should the felonious intent have been accomplished, appellant would have subjected himself to the provisions of section 1837, Revised Statutes 1899. Kelley's Criminal Law, sec. 545. The indictment follows the language of the statute. That is sufficient. State v. Phelan, 65 Mo. 547; State v. Little, 67 Mo. 624; State v. Clayton, 100 Mo. 517. The indictment charges a felonious intent on the part of appellant. State v. Ross, 25 Mo. 426; State v. Fairlamb, 121 Mo. 137; State v. Smith, 80 Mo. 516. (3) The record shows every necessary step to have been taken. Appellant was legally convicted so far as the record discloses. He can not be now heard to complain.

State v. Gillham.

BURGESS, J.—Defendant was convicted in the criminal court of Buchanan county of an assault with intent to rape one Laura B. Colley, a female thirty-five years of age, and his punishment fixed at a fine of two hundred dollars. He appeals.

No bill of exceptions was filed in the' case, so that there is nothing before us for review save the record proper, and in that we find no error.

The judgment is affirmed. All of this Division concur.